UNITED STATES ex rel. JOHNSTOWN MIN. CO. v. CIRCUIT COURT OF UNITED STATES FOR DISTRICT OF MONTANA et al. (Circuit Court of Appeals, Ninth Circuit. November 9, 1903.) No. 1,011. Petition for Writ of Certiorari to Stay Execution of Order of Circuit Court. R. B. Smith, for petitioner. Crittenden Thornton and J. F. Riley, for respondent. No opinion. Application denied.

---

UNITED STATES ex rel. MONTANA ORE PURCHASING CO. et al. v. CIRCUIT COURT OF UNITED STATES FOR DISTRICT OF MONTANA et al. (Circuit Court of Appeals, Ninth Circuit. October 20, 1903.) No. 1,007. Petition for Writ of Certiorari to the Circuit Court of the United States for the District of Montana. John J. McHatton and James M. Denny, for petitioners. Crittenden Thornton, for respondent. No opinion. Petition denied.

---

AMERICAN ALKALI CO. v. SALOM. (Circuit Court, E. D. Pennsylvania. December 11, 1903.) No. 67. Burr, Brown & Lloyd, for plaintiff. Joseph C. Fraley and Richard C. Dale, for defendant.

DALLAS, Circuit Judge. The learned counsel of the plaintiff, in their brief in support of their motion for a new trial, asked "that the court will write an opinion which will not only determine the law of this case, but will also furnish counsel a guide as to the law in the many other cases dependent upon it"; and upon the oral argument I remarked that this request was in accordance with my usual practice and would be complied with. But upon reflection I have come to the conclusion that no practical result would be attained by either the reiteration or retraction by myself of the views I entertained upon the trial. As is said in the brief to which I have referred, the court ruled upon a very obvious theory of the case, and no opinion other than that of the appellate court can really determine the law with respect to it, or furnish a guide which could be confidently followed upon the trial of the many others which are said to be dependent upon it. The plaintiff has presented and will be allowed a bill of exceptions, and is therefore in position to be heard by the Court of Appeals at its ensuing March term; whereas, if a new trial were awarded, the cause could not be brought before that tribunal by either party until the following September. This delay, I think, should be avoided. The plaintiff's rule for a new trial is discharged.